# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION, | Civil Action No. 10-cv-699 |
| Plaintiffs, | District Judge William M. Conley |
| v. | Magistrate Judge Stephen L. Crocker |
| MICROSOFT CORPORATION, | |
| Defendant. | |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
## TO DISMISS, STAY OR, IN THE ALTERNATIVE, TRANSFER VENUE

## TABLE OF CONTENTS

I.     INTRODUCTION .................................................................................................... 1

II.    BRIEF STATEMENT OF RELEVANT FACTS ......................................... 2

III.   ARGUMENT ........................................................................................................... 4

      A.    Motorola's Choice of Forum Should Control ................................... 4

           1.    *The convenience factors* ............................................................... 5

           2.    *The interest of justice* ................................................................... 7

      B.    Motorola's Claims Are Not Properly Viewed As
           Compulsory Counterclaims ..................................................................... 10

      C.    Dismissal, Stay and Transfer Are Unnecessary and
           Inappropriate Remedies ........................................................................... 15

IV.   CONCLUSION ....................................................................................................... 16

## TABLE OF AUTHORITIES

**Statutes**

28 U.S.C. § 1404 ................................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 13(a) ........................................................................................ 10

**Judicial Decisions**

*Adams v. Newell Rubbermaid Inc.*,
    No. 07-cv-313-S, 2007 WL 5613420 (W.D. Wis. Aug. 21, 2007) .................... 6

*Artvale, Inc. v. Rugby Fabrics Corp.*,
    232 F. Supp. 814 (S.D.N.Y. 1964) ................................................................ 14

*Coffey v. Van Dorn Iron Works*,
    796 F.2d 217 (7th Cir. 1986) ........................................................................ 4, 7

*E2Interactive, Inc. v. Blackhawk Network, Inc.*,
    No. 09-cv-629, 2010 WL 3937911 (W.D. Wis. Oct. 6, 2010) ................ 5, 8, 10

*ESS Tech., Inc.* v. *PC-Tel, Inc.*,
    No. C-99-20292RMW, 2001 WL 1891713 (N.D. Cal. Nov. 28, 2001) ............ 13

*Fit Express, Inc. v. Circuit-Total Fitness*,
    No. 07-cv-62, 2008 WL 4450290 (N.D. Miss. Sept. 29, 2008) ...................... 14

*Guesthouse Int'l, LLC v. Shoney's N. Am. Corp.*,
    No. M2008-02567-COA-R3-CV,
    2010 WL 987119 (Tenn. Ct. App. June 24, 2009) ...................................... 13

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501 (1947) ...................................................................................... 15

*Illumina, Inc. v. Affymetrix, Inc.*,
    No. 09-cv-277, 2009 WL 3062786 (W.D. Wis. Sept. 21, 2009) ................ 5, 6, 8

*Martino v. McDonald's Sys., Inc.*,
    598 F.2d 1079 (7th Cir. 1979) ...................................................................... 15

*Nasalok Coating Corp. v. Nylok Corp.*,
    522 F.3d 1320 (Fed. Cir. 2008) .................................................................... 11

*Phillips Petroleum Co. v. U.S. Steel Corp.*,
566 F. Supp. 1093 (D. Del. 1983) .................................................................. 14

*In re Recombinant DNA Tech. Pat. & Contract Litig.*,
874 F. Supp. 904, 922 (S.D. Ind. 1994) ......................................................... 14

*Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*,
626 F.3d 973 (7th Cir. 2010) ......................................................... 5, 7, 15, 16

*Sunbeam Prods., Inc. v. Homedics, Inc.*,
587 F. Supp. 2d 1055 (W.D. Wis. 2008) ..................................................... 5, 8

*Tempco Electric Heater Corp. v. Omega Eng'g, Inc.*,
819 F.2d 746 (7th Cir. 1987) ......................................................................... 15

*Uniroyal Engineered Prods., LLC v. Omnova Solutions Inc.*,
No. 08-cv-586, 2009 WL 736700 (W.D. Wis. Mar. 18, 2009) ...................... 16

## Treatises

28 Am. Jur. 2d *Estoppel and Waiver* § 197 (July 2010) ........................................ 13

## Other Proceedings

*AlmondNet, Inc. v. Microsoft Corp.*, No. 10-cv-298 (W.D. Wis.) ........................... 7

*Freyburger LLC v. Microsoft Corp.*, No. 09-cv-104 (W.D. Wis.) .......................... 7

*Hyperphrase Techs., LLC v. Microsoft Corp.*, No. 02-cv-647 (W.D. Wis.) ............ 7

*Microsoft Corp. v. Aurora Computer Servs.*, No. 01-cv-681 (W.D. Wis.) ............. 7

*Microsoft Corp. v. Beltz Techs.*, No. 00-cv-126 (W.D. Wis.) ................................ 7

*Microsoft Corp. v. Motorola, Inc.*, No. 10-cv-1823 (W.D. Wash.) ................. *passim*

*Motorola Mobility, Inc. v. Microsoft Corp.*, No. 10-cv-700 (W.D. Wis.) ................ 1

*Nokia Corp. v. Apple, Inc.*, No. 10-cv-249 (W.D. Wis.) ........................................ 9

*Yavitz LLC v. Microsoft Corp.*, No. 10-cv-146 (W.D. Wis.) .................................. 7

Plaintiffs Motorola Mobility, Inc., and General Instrument Corporation (collectively, "Motorola") oppose defendant Microsoft's motion to dismiss, stay or, in the alternative, transfer venue [D.I. 20].  Motorola's patent infringement action, No. 10-cv-699, should proceed in this District.[1]

I.      **INTRODUCTION**

Motorola has selected the Western District of Wisconsin as its forum of choice in which to pursue certain claims of patent infringement against Microsoft.  This selection should not be disturbed unless the transfer factors of 28 U.S.C. § 1404, as interpreted and applied by this Court and the Seventh Circuit, make Washington "clearly more convenient."  They do not.  This District is substantially more likely than the Western District of Washington to promote judicial efficiency by means of a speedy resolution of the dispute presented, and this District is as convenient -- or more so -- to the non-party witnesses whose appearances are likely to be necessary.

Nonetheless, Microsoft asks that this Court dismiss, stay or, in the alternative, transfer venue.  In doing so, Microsoft argues that a transfer analysis should be performed only in the alternative and, instead, urges the Court to treat Motorola's patent infringement claims as compulsory counterclaims to a breach of contract action brought by Microsoft against Motorola, Inc. and Motorola Mobility, Inc. -- but not Plaintiff General Instrument Corporation -- in the United States District Court for the Western District of Washington, No. 10-cv-1823 ("the Washington action").  Microsoft's argument is without merit.

---

[1]     Filed concurrently herewith is Motorola's opposition to a similar motion filed by Microsoft in Civil Action No. 10-cv-700.  Although the two opposition briefs are largely the same, Motorola notes that there are several important differences that merit the Court's attention.  For example, the lawsuits involve different patents, naming additional inventors, owned by additional entities, asserted against different products.  The significance of these differences is addressed throughout.

Whether Microsoft's Washington action is even proper is in doubt -- Motorola has moved to dismiss all of Microsoft's claims.[2]  And even if Microsoft's claims are not dismissed by the Washington Court, no claim in the Washington action arises out of the same transaction or occurrence as the patent infringement claims brought by Motorola in this District.  Instead, each claim in the Washington action relates to the impact of various letters of assurance, provided by Motorola, Inc. to non-party standard setting organizations, on Motorola, Inc. and Motorola Mobility, Inc.'s efforts to license their standards-essential patent portfolios.  These are contract, not patent infringement, issues.  And General Instrument Corporation, the assignee-of-record and owner of all right, title and interest in the patents in suit here, is neither a named defendant nor even mentioned in the Washington action.

Even if the Court were to entertain Microsoft's argument that the present lawsuit includes compulsory counterclaims to the Washington action, Motorola's choice of forum should control, according to the applicable Seventh Circuit section 1404(a) transfer analysis.  In particular, under settled Seventh Circuit precedent, Motorola's patent infringement action seeking coercive relief should be given priority over Microsoft's anticipatory action.

Accordingly, Microsoft's motion should be denied.  This lawsuit should be permitted to proceed in this District.

## II.   BRIEF STATEMENT OF RELEVANT FACTS

On November 10, 2010, Motorola filed its Complaint in the present action [D.I. 1].  In that Complaint, Motorola alleges that Microsoft has infringed and continues to infringe claims of U.S. Patent Nos. 7,310,374 ("the '374 patent"); 7,310,375 ("the '375 patent"); and 7,310,376

---

[2]      *See* Motorola, Inc. and Motorola Mobility, Inc.'s Motion to Dismiss, *Microsoft Corp. v. Motorola, Inc. and Motorola Mobility, Inc.*, No. 10-cv-1823 (W.D. Wash. Dec. 15, 2010) (supporting memorandum attached hereto as Exhibit A to the Declaration of Paul M. Schoenhard ("Decl.")).

("the '376 patent") (collectively, the "patents in suit"), each of which is duly assigned to Plaintiff General Instrument Corporation.  As further detailed in Motorola's First Amended Complaint, filed concurrently herewith, Motorola's claims of infringement arise from Microsoft's manufacture, use, instruction to use, offer for sale, and/or sale of the Windows 7 operating system and Internet Explorer 9 browser software.

Each of the patents in suit lists four inventors: Limin Wang, Rajeev Gandhi, Krit Panusopone, and Ajay Luthra.  Of these, Messrs. Wang, Panusopone and Luthra continue to work for General Instrument Corporation and are thus under Motorola's control.  Mr. Gandhi is a former employee, residing near Pittsburgh, Pennsylvania.  *See* Decl. ¶¶ 3,4.

Four attorneys are known to have been involved in the prosecution of the patents in suit: Robert P. Marley, Kin-Wah Tong, Steven L. Nichols, and Lawrence T. Cullen.  Of these, Mr. Cullen currently works for Motorola Mobility, Inc. and is thus under Motorola's control. Messrs. Marley, Tong and Nichols no longer work for Motorola and are believed to reside in Pennsylvania, New Jersey and Utah, respectively.  *See* Decl. ¶¶ 5-8.

Motorola is not currently aware of any non-party from whom evidence will be required to establish Microsoft's infringement.  On information and belief, witnesses sufficient to provide evidence of Microsoft's infringement remain employed by, and thus under the control of, Microsoft.

On December 20, 2010, Microsoft filed this motion to dismiss, stay or, in the alternative, transfer venue.  [D.I. 20.]  In support of its motion, Microsoft argues that Motorola's claims in this District should be viewed as compulsory counterclaims to a separate complaint filed by Microsoft on November 9, in the United States District Court for the Western District of

Washington against non-party Motorola, Inc. and Plaintiff Motorola Mobility, Inc., but not against Plaintiff General Instrument Corporation.

In the Washington action, Microsoft purports to plead four causes of action: (1) breach of contract; (2) promissory estoppel; (3) waiver; and (4) declaratory judgment that Motorola's offers do not comply with its obligations. Notably, Microsoft did not request a declaratory judgment of invalidity and/or non-infringement of any of the patents in suit here. Nor did Microsoft assert any right or privilege to practice the inventions of the patents in suit or otherwise seek any relief that would prevent Motorola from asserting its rights. Rather, all claims pleaded in the Washington action -- to the extent they are cognizable -- arise out of two letters sent by Motorola, Inc. to Microsoft, each offering to negotiate a license on reasonable and non-discriminatory terms to a large portfolio of patents owned by Motorola, Inc. and/or its subsidiaries and affiliates that are or may be essential to practice one or more industry standards.

## III.   ARGUMENT

### A.   Motorola's Choice of Forum Should Control

Section 1404 of Title 28 provides in relevant part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404 does not, however, stand for the proposition that transfer of venue should be a routine matter. Rather, the Court must consider all circumstances of the case, using the three statutory factors as place holders in its analysis. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). Microsoft bears the burden of proving that its choice of forum is "clearly more convenient" than the Western District of Wisconsin. *See id.* at 219-20.

Here, the Western District of Washington is not a "clearly more convenient" forum, and the interest of justice rests with proceeding in this District. Motorola's choice of the Western District of Wisconsin should control.

### 1.    *The convenience factors*

The first two statutory considerations in a transfer analysis relate to the convenience of the parties and witnesses.[3] "With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum. Other related factors include the location of material events and the relative ease of access to sources of proof." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (citations omitted).

Although the convenience evaluation once took center stage, advances in travel and technology have minimized its value, especially in cases, as here, involving large, sophisticated, multi-national corporations. Specifically, the Court may assume that witnesses within the control of the party calling them will appear voluntarily, and that technology has obviated the concern over the location of documents and sources of proofs. *See E2Interactive, Inc. v. Blackhawk Network, Inc.*, No. 09-cv-629, 2010 WL 3937911, at *3 (W.D. Wis. Oct. 6, 2010); *Sunbeam Prods., Inc. v. Homedics, Inc.*, 587 F. Supp. 2d 1055, 1057 (W.D. Wis. 2008) ("[D]ocuments easily can be transported between the two districts and their presence in [another location] does not make it clearly more convenient"). "In patent lawsuits, where experts and lawyers end up playing the starring roles, mention of 'witnesses' and 'records' in a given district carries minimal weight." *Illumina, Inc. v. Affymetrix, Inc.*, No. 09-cv-277, 2009 WL 3062786, at *3 (W.D. Wis. Sept. 21, 2009).

---

[3]       These considerations correspond to factors 3, 4, 5, and 6 listed on page 8 of Microsoft's brief.

Microsoft asserts that the Western District of Washington is a more convenient location for party witnesses.  In support, Microsoft discusses the proximity of Motorola's Illinois facilities to O'Hare airport, the number of flights each day between O'Hare and the Seattle airport, and the inconvenience to any Microsoft witnesses located in Seattle of having to travel to this Court.  As this Court has noted, however, the location of party witnesses is not a heavily weighted factor because "witnesses within the control of the party calling them, such as employees, will appear voluntarily."  *Adams v. Newell Rubbermaid Inc.*, No. 07-cv-313-S, 2007 WL 5613420, at *3 (W.D. Wis. Aug. 21, 2007) (citation omitted).  Moreover, Microsoft's assertions that on balance Seattle is more convenient than Wisconsin for party witnesses is simply not correct.  Motorola Mobility is headquartered in Libertyville, Illinois, and General Instrument is located in both Pennsylvania and in San Diego.  The District of Washington is not clearly more convenient for party witnesses in those locations than this District -- any witness from these facilities will need to travel a significant distance to Seattle.    Thus, Microsoft's choice of Seattle merely shifts the burden of inconvenience as between the parties -- it does not make Seattle "clearly more convenient" for all.

The location of non-party witnesses remains an important, but not dispositive, factor.  *See Illumina*, 2009 WL 3062786, at *4.  But in this case, Motorola is not aware of any non-party witness residing within the geographic bounds of either this District's or the Western District of Washington's subpoena power.  And the Western District of Washington is not "clearly more convenient" than this District for the potential non-party witnesses that reside in Utah (prosecuting attorney), Pennsylvania (inventor and prosecuting attorney) and New Jersey (prosecuting attorney).  If anything, this District is <u>more</u> convenient for the majority.

Finally, Microsoft has repeatedly embraced this District as a plaintiff. *See Microsoft Corp. v. Beltz Techs.*, No. 00-cv-126 (W.D. Wis.); *Microsoft Corp. v. Aurora Computer Servs.*, No. 01-cv-681 (W.D. Wis.). And Microsoft has repeatedly accepted venue in this District as a defendant. *See AlmondNet, Inc. v. Microsoft Corp.*, No. 10-cv-298 (W.D. Wis.); *Yavitz LLC v. Microsoft Corp.*, No. 10-cv-146 (W.D. Wis.); *Freyburger LLC v. Microsoft Corp.*, No. 09-cv-104 (W.D. Wis.); *Hyperphrase Techs., LLC v. Microsoft Corp.*, No. 02-cv-647 (W.D. Wis.). Indeed, insofar as Motorola could determine, Microsoft has not requested transfer or otherwise contested venue in any patent lawsuit in this District naming Microsoft as a defendant in the past decade, even though only *Hyperphrase* involved a Wisconsin-based plaintiff and inventors resident in Wisconsin. Microsoft should not now be heard to claim that the Western District of Wisconsin is inconvenient.

## 2.    *The interest of justice*

The primary consideration for this Court should be the "interest of justice."[4] "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system." *Coffey*, 796 F.2d at 221; *see also Research Automation*, 626 F.3d at 978. For example, the Court's evaluation may include consideration of docket congestion and likely speed to trial in each forum, each court's relative familiarity with the relevant law and technology, and whether judicial resources could be saved by consolidating multiple cases in the same forum. *See id.*

The "interest of justice" component is critical to a Section 1404 analysis and "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey*, 796 F.2d at 220; *see also Research Automation*, 626 F.3d at 978. This District has often found that, even where convenience considerations "tilt" in favor of the

---

[4]     This consideration corresponds to factors 7, 8, 9, and 10 on page 8 of Microsoft's brief.

target transfer district, public and private interests in, for example, a speedy trial justify denying the transfer. *See Sunbeam Prods.*, 587 F. Supp. 2d at 1056 ("In terms of balancing the interest of justice with the convenience of the parties, the scale tips in favor of denying transfer because the importance of a speedy resolution to protect plaintiff's patent rights outweighs the convenience to defendant of litigating in its home district."). This factor is of particular import in patent cases, "because delay might frustrate a patent holder's right and the value of its patent." *E2Interactive*, 2010 WL 3937911, at *4.

Here, Motorola has selected the Western District of Wisconsin both because of its speed and familiarity with (and frequent adjudication of) patent law issues. Whereas patent cases are frequently tried in an average of eleven to fifteen months in this District (*see* Decl. Exh. B), the few patent cases that have been tried in the Western District of Washington have reached trial after, on average, more than thirty months (*see* Decl. Exh. C).[5] Indeed, there can be no debate that this District is speedier and more experienced in the resolution of patent matters than the proposed transferee district. Speed is particularly of the essence here, because, among other things, one of the accused products has only recently been introduced (Windows 7), and another is in the process of being introduced (Internet Explorer 9), into this District. *See Illumina*, 2009 WL 3062786, at *5. Moreover, there are no facts here that would militate against this factor, such as an earlier-filed lawsuit, involving claims of invalidity or non-infringement of the same patents, pending in the district to which the moving party seeks to transfer this case.

Accordingly, the interest of justice strongly militates against transfer. *See Sunbeam Prods.*, 587 F. Supp. 2d at 1058 ("[T]he fact remains that this is a relatively speedy federal court,

---

[5]    The time-to-trial statistics cited by Microsoft in footnote 9 of its brief are not limited to patent cases, but instead are for all civil cases.

particularly with regard to patent lawsuits. The relative speed with which an action may be resolved is an important consideration when selecting a venue.").

Microsoft argues nonetheless that the interest of justice favors adjudication in the Western District of Washington, because its Washington breach of contract action is pending there, presenting the possibility of overlap or consolidation (assuming the claims are viewed as related). This argument fails. Given the pendency of Motorola's motion to dismiss all claims in the Washington action, Microsoft's argument is too tenuous to merit consideration.

Moreover, even if the Washington action is not dismissed, the claims at issue there and the claims pending in this lawsuit do not present anywhere near the degree of overlap that was considered by this Court in *Nokia Corp. v. Apple, Inc.* Unlike the situation here, in *Nokia*, the defendant asked this Court to transfer the plaintiff's claims to another venue in which the plaintiff had brought other claims against the same defendant, involving common questions of law and fact. *See* Decl. Exh. D at 2-3 (Order, *Nokia Corp. v. Apple, Inc.*, No. 10-cv-249 (W.D. Wis. Jan. 5, 2011)). The present lawsuit and Microsoft's Washington action do not have such a relationship.

First, unlike in *Nokia*, Motorola filed no "related" claim in Washington. Instead, the Washington action was filed by <u>Microsoft</u> and is grounded in breach of contract and other contractual claims, seeking a determination of a "FRAND" (fair, reasonable and nondiscriminatory) royalty rate for use of standards essential patents. It does not seek a determination of patent validity and infringement by specific Microsoft products, as here. This action seeks a determination that three specific patents have been infringed by particular Microsoft products, along with a routine (i.e., <u>*not FRAND*</u>) damages calculation. Microsoft

9

could have sought in the Washington action a declaration of non-infringement or invalidity of the three specific patents at issue here.  It did not and, therefore, *Nokia* is inapposite.

Microsoft further argues that the interest of justice favors adjudication in the Western District of Washington, because, among other things, "Microsoft is a large and prominent employer in the Puget Sound (Seattle area) region."  [D.I. 20 at 13.]  Microsoft thus appears to argue that this lawsuit should be tried in a forum it believes to be biased in its favor.  This unvarnished appeal to local bias does not reflect the interest of justice.  Microsoft goes on to assert that "Washington has substantial interest in policing conduct directed at its residents."  But the present lawsuit relates to the conduct **_of_** Microsoft, not conduct directed **_at_** Microsoft.

\*                          \*                          \*

Here, Microsoft "has not clearly shown that the inconveniences it will experience by trying this case in Madison outweigh [Motorola's] legitimate interest in resolving this patent dispute more quickly in this court."  *E2Interactive*, 2010 WL 3937911, at \*5.  Put another way, Washington is not "clearly more convenient" than this District.  Motorola's choice of the Western District of Wisconsin should control.

### B.      Motorola's Claims Are Not Properly Viewed As Compulsory Counterclaims

In an effort to sidestep a principled transfer analysis, Microsoft urges this Court to view Motorola's patent infringement claims as compulsory counterclaims in Microsoft's breach of contract action against Motorola, Inc. and Motorola Mobility, Inc. in the Western District of Washington.  This argument is both unpersuasive and logically flawed.

A counterclaim is compulsory when it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim."  Fed. R. Civ. P. 13(a).  The Federal Circuit utilizes three tests to determine whether the "transaction or occurrence" test is met:

10

"(1) whether the legal and factual issues raised by the claim and counterclaim are largely the same; (2) whether substantially the same evidence supports or refutes both the claim and the counterclaim; and (3) whether there is a logical relationship between the claim and the counterclaim."  *Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1325 (Fed. Cir. 2008). Here, the claims presented in the instant lawsuit and those presented in the Washington action do not raise "largely" the same legal or factual issues; do not rely upon "substantially" the same evidence; and bear only a tangential relationship to one another.  The instant claims are not compulsory counterclaims.

First, General Instrument Corporation is the assignee-of-record of, and owns the entire right, title and interest to, each of the patents in suit here.  Microsoft's Washington action, however, is not directed at, nor does it name as a defendant, Plaintiff General Instrument Corporation.  Accordingly, Microsoft is hard-pressed to argue that General Instrument Corporation should be obligated to assert its patent rights as compulsory counterclaims in a separate lawsuit to which it is neither a party, nor even an essential third party.[6]

Second, Motorola's patent infringement claims in this action bear little relation to the contract claims asserted by Microsoft in the Washington action.  The mere fact that the patents asserted in this case are among the many patents that Motorola identified in its H.264 licensing letter does not make the <u>claims</u> of this patent infringement action "logically related" to those of the Seattle breach of contract action.  Nor does it make the Washington and Wisconsin actions "inextricably intertwined."

---

[6]     Microsoft should not be heard to argue that its omission of General Instrument Corporation from the Washington action may be cured by the filing of an amended complaint.  Even if Microsoft were to so amend, General Instrument's claims here would be <u>senior</u> to any claims Microsoft could bring against it in Washington.

Looking to the substance of the two lawsuits' claims, Microsoft's argument that the claims are "logically related" proves to be insubstantial. The Washington action includes four contractual and non-patent "claims": (1) breach of contract; (2) promissory estoppel; (3) waiver; and (4) a request for a declaratory judgment that the royalty rates initially offered by Motorola Mobility, Inc. are not fair, reasonable and non-discriminatory. None of the "claims" in Washington arises under the patent laws.[7] Nor do the claims in the Washington action depend on validity or infringement of the three specific patents asserted in this action. Indeed, Microsoft has admitted as much in its Washington Complaint:

> Motorola's breach of its commitments does not depend on whether any Motorola patents which Motorola has identified in relation to standards are, in fact, "essential" to practicing those standards, whether those standards can be practiced in ways that do not infringe the identified Motorola patents or whether Microsoft has infringed any valid Motorola patents.

Decl. Exh. E ¶ 8. Thus, Microsoft agreed -- indeed, proclaimed -- that none of the contractual "claims" in Washington is "largely the same" as the central issues in Wisconsin -- Microsoft's manufacture, use, sale, or offer for sale of its Windows 7 operating system and Internet Explorer 9 browser software products, how the products work, and whether the products infringe valid claims of the patents asserted here.

Microsoft could have raised these issues in Washington by including a declaratory judgment claim of non-infringement and/or patent invalidity, as declaratory judgment plaintiffs customarily do in patent cases. But it chose not to do so, because that plainly is not what the Washington complaint is about. And absent such a patent invalidity or non-infringement declaratory judgment claim in Washington, Motorola's claims in this case are not logically

---

[7]     Notably, in its Complaint in the Washington action, Microsoft does not plead federal question jurisdiction under 28 U.S.C. § 1338(a). *See* Decl. Exh. E ¶ 19 (Complaint, *Microsoft Corporation v. Motorola, Inc. and Motorola Mobility, Inc.*, No. 10-cv-1823 (W.D. Wash. Nov. 9, 2010)).

related or inextricably intertwined with Microsoft's claims in Washington and cannot be compulsory counterclaims.

Contrary to Microsoft's assertions, the claims it did actually bring in Washington are not "largely the same" as the claims here. None of Microsoft's claims would require the Washington court to determine the quantum of damages available in an action for patent infringement.[8] Indeed, Microsoft's third "claim," waiver, although it may be available in some cases as an affirmative defense, is not even a legal claim.[9] Nor has Microsoft cast its "waiver" claim as a request for a declaratory judgment that the defense is available.

At most, Microsoft can argue that its Washington action implicates the quantum of royalties that Motorola, Inc. and Motorola Mobility, Inc. may seek in licenses to their standards essential patents. But even so, Microsoft's claims are directed to FRAND licensing terms for all patents in Motorola's H.264 portfolio -- not the patent infringement damages that may be owed by Microsoft for its past infringement of three specific patents, or to the availability of injunctive relief in this lawsuit for patent infringement. And the fact that that there may be overlap in some evidence and overlap in some issues does not make a claim a *compulsory* counterclaim. At most, it makes a claim a *permissive* counterclaim.

Microsoft directs this Court's attention to several decisions in other districts in which breach-of-contract and patent infringement claims were found to be related. Unlike the claims in

---

[8]     Although some courts have suggested in dicta that the *Georgia-Pacific* analysis often used for determining reasonable royalty patent damages might be useful in determinations of FRAND licensing terms, *see, e.g.*, *ESS Tech., Inc.* v. *PC-Tel, Inc.*, No. C-99-20292RMW, 2001 WL 1891713, at *3-6 (N.D. Cal. Nov. 28, 2001), Motorola is not aware of any court that has yet attempted such an analysis. And even if the Washington court elected to conduct such an analysis, its inquiry would necessarily relate to Motorola's entire standards-essential patent portfolios.

[9]     *See Guesthouse Int'l, LLC v. Shoney's N. Am. Corp.*, No. M2008-02567-COA-R3-CV, 2010 WL 987119, at *31 (Tenn. Ct. App. June 24, 2009); 28 Am. Jur. 2d *Estoppel and Waiver* § 197 (July 2010) ("Waiver is not a cause of action because it cannot create liability in and of itself, and waiver cannot be asserted in a complaint as an offensive weapon.").

the Washington action, however, in each of those cases the contract claims directly impacted whether infringement could be found.  *See Fit Express, Inc. v. Circuit-Total Fitness*, No. 07-cv-62, 2008 WL 4450290 (N.D. Miss. Sept. 29, 2008); *Artvale, Inc. v. Rugby Fabrics Corp.*, 232 F. Supp. 814 (S.D.N.Y. 1964); *Phillips Petroleum Co. v. U.S. Steel Corp.*, 566 F. Supp. 1093 (D. Del. 1983).  For example, the contract claims at issue in *Fit Express* related to the ownership of the asserted patent rights, such that their resolution was necessary to establish ownership of any claim of infringement.  The contract claims in *Artvale* were held to be compulsory because the issue of infringement depended on the defendant's rights under a contract.  And the contract claims in *Phillips* were held to be compulsory because they related to the defendant's specific licensing rights under a prior settlement agreement.  The contract claims at issue in the Washington action, however, relate to an alleged breach of Motorola's obligations to a standard setting organization and seek determination of a FRAND rate, regardless of whether Microsoft has infringed any of the patents in suit here.  And where, as here, patent infringement claims are not inextricably intertwined with contract-styled claims, the claims should not be viewed as part of the same transaction or occurrence.  *See, e.g.*, *In re Recombinant DNA Tech. Pat. & Contract Litig.*, 874 F. Supp. 904, 922 (S.D. Ind. 1994) (holding a claim based on a settlement agreement not to be a compulsory counterclaim to a patent infringement claim).

Third, to view Motorola's patent infringement claims as compulsory counterclaims in the Washington action would require Motorola to raise or waive ***all*** possible patent infringement claims based on all patents that are or may be essential to the two sets of industry standards at issue, or face preclusion.  Hundreds of patents could be implicated.  This Court should not force

so absurd a result.  *See Martino v. McDonald's Sys., Inc.*, 598 F.2d 1079, 1082 (7th Cir. 1979) (explaining that Rule 13(a) is designed to promote judicial economy).

Finally, Motorola has filed a motion to dismiss all claims of the Washington action under Rule 12(b)(6), Fed. R. Civ. P.  Motorola respectfully submits that, at a minimum, this Court should not rule on the present motion that Motorola's claims here are compulsory counterclaims until after the Court in Washington rules on Motorola's motion to dismiss Microsoft's claims there.

### C.    Dismissal, Stay and Transfer Are Unnecessary and Inappropriate Remedies

Even if this Court were to view Motorola's claims as related to Microsoft's claims in the Washington action, they should nonetheless proceed in this Court.  It is neither necessary nor appropriate to dismiss, stay or transfer Motorola's claims.

Based on the Supreme Court's instruction that "the plaintiff's choice of forum should rarely be disturbed," the first-to-file rule ordinarily provides that the first suit filed in a series of related suits will typically be given priority over the later-filed suits.  *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 979 (7th Cir. 2010) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).  The Seventh Circuit, however, has "never laid down an inflexible rule that the prior filing controls."  *Research Automation*, 626 F.3d at 980 (internal quotation marks omitted).  On the contrary, the Seventh Circuit has stated explicitly that "[w]here a case is filed first should weigh no more heavily in the district court's analysis than the plaintiff's choice of forum in a section 1404(a) transfer analysis."  *Id.* at 982; *see also Tempco Electric Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987) (finding that the "mere fact" that a plaintiff filed its action first "does not give it a 'right' to choose a forum").  In particular, under Seventh Circuit law, considerations including whether the second-filed

15

action seeks coercive relief and whether the first-filed action was filed in anticipation of an impending suit by the opposing party weigh against application of the first-filed rule. *See Research Automation*, 626 F.3d at 980.

Even if this Court were to find that Motorola's and Microsoft's claims are related and that Motorola's claims are compulsory counterclaims, Motorola's patent infringement action should be given priority as a coercive action under Seventh Circuit precedent, over Microsoft's action seeking, among other things, multiple different forms of declaratory relief relating to its breach of contract claim.  Furthermore, Microsoft's action, filed in response to a communication from Motorola offering to license a portfolio of standards-essential patents that includes the three patents now asserted here in Wisconsin, should be viewed as at most an "anticipatory" action under Seventh Circuit law.  These factors, in addition to the transfer factors discussed above, weigh heavily against application of the first-filed rule here.  *See also Uniroyal Engineered Prods., LLC v. Omnova Solutions Inc.*, No. 08-cv-586, 2009 WL 736700, at *1 (W.D. Wis. Mar. 18, 2009) (stating that when two patent actions "are filed within days of each other, it is more appropriate to consider the convenience factors of 28 U.S.C. § 1404(a) rather than applying the rigid rule that the first-filed action trumps the later-filed action").

## IV.    CONCLUSION

For the foregoing reasons, Motorola respectfully requests that the Court deny Microsoft's motion.  This lawsuit's affirmative claims for patent infringement should be permitted to proceed to a speedy resolution.

Dated this 11th day of January, 2011        */s/ Rebecca Frihart Kennedy*
                                            Scott W. Hansen
                                            WI State Bar ID No. 1017206
                                            shansen@reinhartlaw.com
                                            Lynn M. Stathas
                                            WI State Bar ID No. 1003695
                                            lstathas@reinhartlaw.com
                                            Rebecca Frihart Kennedy
                                            WI State Bar ID No. 1047201
                                            rkennedy@reinhartlaw.com
                                            Reinhart Boerner Van Deuren s.c.
                                            1000 North Water Street, Suite 1700
                                            Milwaukee, WI  53202
                                            Telephone:  414-298-1000
                                            Facsimile:  414-298-8097

                                            Attorneys for Plaintiffs Motorola Mobility, Inc.
                                            and General Instrument Corporation

*Of Counsel:*

Jesse J. Jenner
Steven Pepe
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036
Telephone:  212-596-9000

Norman H. Beamer
Mark D. Rowland
Gabrielle E. Higgins
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303
Telephone:  650-617-4000