## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action Nos.      10-cv-699<br><br>District Judge William M. Conley<br><br>Magistrate Judge Stephen L. Crocker |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, STAY OR, IN THE ALTERNATIVE, TRANSFER VENUE

Motorola's opposition rests on a false legal standard for measuring compulsory counterclaims.  Microsoft's case in Washington seeks to limit Motorola's right to relief under the asserted patents and other related patents, making Motorola's asserted claims compulsory counterclaims under Rule 13.  In any event, Motorola presents no valid basis for the Court not to defer to Microsoft's first-filed Washington action either by, at a minimum, staying or transferring Motorola's claims.

**I.      Motorola's claims in this case are compulsory counterclaims to Microsoft's Washington case.**

### A.      Rule 13 Does Not Require Complete Identity of Causes

Motorola does not contest that its claims in this case present overlapping issues with those presented in Microsoft's earlier-filed Washington case, and, as such, would require two different courts to decide the same factual and legal issues.  Nonetheless, Motorola urges that *complete* identity is required between the two cases – either in the form of identical patents or in the underlying legal theory.  But, a counterclaim is compulsory when it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim."  Fed. R. Civ.

P. 13(a).  Rule 13(a) seeks to "prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Washawsky & Co. v. Arcata Nat'l Corp.*, 552 F.2d 1257, 1261 (7th Cir. 1977); *Harley-Davidson Motor Co. v. Chrome Specialists, Inc.*, 173 F.R.D. 250, 252 (E.D. Wis. 1997).  This standard does not require complete identity. *Washawsky*, 552 F.2d at 1261; *Fit Express, Inc. v. Circuit-Total Fitness*, 2008 WL 4450290 (N.D. Miss. Sept. 29, 2008).

Indeed, "[t]he purpose of Rule 13(a) is judicial economy: 'to avoid a multiplicity of actions by resolving in a single lawsuit all disputes that ensue from a common factual background.'" *Inforizons*, *Inc. v. VED Software Services, Inc.,* 204 F.R.D. 116, 120 (N.D. Ill. 2001), quoting *In re Price,* 42 F.3d 1068, 1073 (7th Cir.1994); *also id.* ("To determine whether the claims are logically related. A court should consider: 'the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds.'").

### B.    The Limits on Motorola's Patent Relief Are Common to Both Cases

Motorola's claims fall squarely within the actual Rule 13 standard of being logically related and arising out of the same transaction or occurrence as those in the Washington case. Motorola seeks damages and, nominally, an injunction for Microsoft's alleged patent infringement; in Washington, Microsoft seeks to limit Motorola's relief on these same patents (as well as related patents that Motorola asserts on the same technical standards).[1]  Thus, both cases require decision on the exact same question – what damages or other relief, if any, should be available to Motorola if it proves infringement?  Consequently, the two cases overlap on important factual and legal issues.  Tellingly, Motorola's opposition simply ignores the

---

[1] Motorola asserts that all the patents in suit are essential to decoding video under the ITU's H.264 standard.

overlapping relief issue, arguing instead that only infringement and validity are disputed here. Opp. at 12, 13-14 (distinguishing cases based on their relationship to liability).

Motorola also wrongly argues that "[n]one of Microsoft's claims would require the Washington court to determine the quantum of damages available in an action for patent infringement." Opp. at 13. In reality, the Washington court will determine threshold bounds on any relief Motorola can receive under the patents in suit, based on its promises to the standards bodies. Microsoft expressly sought this relief, *inter alia*:

> E. Enjoin Motorola from further demanding excessive royalties from Microsoft that are not consistent with Motorola's obligations;
>
> F. Decree that Motorola has not offered royalties to Microsoft under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination;

Complaint at 22 (Dkt. 1), *Microsoft Corp. v. Motorola, Inc.*, No. 2:10-cv-01823 (W.D. Wash. Nov. 9, 2010). As previously explained, determining the limits on what Motorola can seek as relief from Microsoft, assuming it proves infringement, under the standards-related patents is the same core issue as determining what relief Motorola is entitled to for any particular infringement it proves under those patents in this case. Mot. at 4-6.

Indeed, Motorola's claims here constitute a thinly-disguised attempt to circumvent the limits on its patent relief that result from its RAND licensing obligations at issue in the Washington case. Motorola acknowledges the overlap when it tries to distinguish patent damages from royalties under a license. Opp. at 13. No such distinction holds here, however, because Motorola's agreement to provide RAND terms for licensing to standards users also necessarily limits its ability to collect patent damages. *See, e.g., Research In Motion Ltd. v. Motorola, Inc.* 644 F. Supp. 2d 788, 795 (N.D. Tex. 2008); *ESS Tech., Inc. v. PC-Tel, Inc.*, No. C-99-20292 RMW, C-01-1300 VRW, C-01-1981 VRW., 2001 WL 1891713, *6 (N.D. Cal. Nov.

28, 2001).  Indeed, Motorola's agreement to limit its patent licensing royalties would be worthless if Motorola could simply demand exorbitant and discriminatory terms and then sue without regard to its promises to accept RAND terms.

### C.      Motorola's Contrived Procedural Hurdles Are Meaningless

Motorola also argues that General Instrument's status requires the Court to ignore Rule 13.  Opp. at 11.  In Motorola's demand that Microsoft pay discriminatory licensees fees, however, Motorola represented that the patents in suit were part of "Motorola's portfolio of patents and pending applications covering the subject matter of ITU-T Recommendation H.264."[2]  10/29/10 letter (emphasis added).  Indeed, Motorola's attachment to that letter includes the patents in suit in a chart entitled "Motorola Essential Properties."  *Id.* (emphasis added).  Moreover, General Instrument is a wholly owned subsidiary of Motorola (Dkt. 29 at ¶ 4) that has apparently passed at least the management of its patents to Motorola.  *See* Ex. 1 (PTO records listing Motorola as the addressee of the patents-in-suit for fee purposes).  Microsoft was not unreasonable to sue Motorola without also naming General Instrument in Washington.[3]  Motorola cannot first obscure who owns the patents in suit and then attempt to use Microsoft's reliance on Motorola's obfuscation against Microsoft.  Indeed, Rule 13 makes a claim compulsory that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" if it "does not require adding another party over whom the court cannot acquire jurisdiction."  Fed.R.Civ.P. 13(a)(1).  Motorola never denies, and there is no question that, the Washington court can acquire

---

[2] Motorola accuses Microsoft's products H.264 support of infringing the patents in suit.  Complaint at Dkt. 29 (First Amended Complaint) at ¶¶ 17, 26, and 35.

[3] In any event, adding Motorola's wholly-owned subsidiary General Instrument to the Washington action  is a matter of pure form that can be accomplished at any time.

jurisdiction over General Instrument.  Moreover, Microsoft could add General Instrument to the Washington case without surrendering that case's status as the "senior" case.[4]

Finally, Motorola opposes the motion because it has filed a motion to dismiss under Rule 12(b)(6) in Washington, alleging that Microsoft has failed to state a claim for relief.  Opp. at 15. Motorola, however, has not prevailed on that pending motion.  Furthermore, Microsoft's Washington complaint is proper, and Motorola's motion will not succeed.  At most, this argument speaks to staying this case.

## II.   Dismissal is the Appropriate Remedy

Motorola ignores that Rule 13 mandates that compulsory counterclaims be tried with the original action when it asks the Court to let it proceed in this district.  Opp. at 15-16.  But, Rule 13 is not optional.  A second-filed suit containing *compulsory* counterclaims cannot proceed in parallel with the first filed suit.  6 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1418 (3d ed. 2010) ("[O]nce a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action.") (footnotes omitted); *Miller Brewing Co. v. Meal Co., Ltd.*, 177 F.R.D. 642, 645 (E.D. Wis. 1998) ("A stay or injunction against prosecution of one case would be appropriate if two lawsuits regarding the same matter were pending in different districts.").

---

[4] Motorola also argues, without citing any authority, that if Microsoft were to amend its Washington complaint to add General Instrument as a party, this case would somehow become "senior" to the Washington case.  Opp. at 11 n.6.  To the contrary, courts routinely find that amending a complaint does not affect a lawsuit's status as "first-filed."  *See, e.g., RJF Holdings III, Inc. v. Refractec, Inc.*, No. Civ.A. 03-1600, 2003 WL 22794987, *2 (E.D. Pa. Nov. 24, 2003) ("Even though the complaint in the California Action did not initially name two of the parties to the present action, the subsequent amendment of that complaint does not affect its status as the first-filed action. The first-filed rule turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute.") (internal quotation omitted).  *See also Crestwood Farm Bloodstock, LLC v. Everest Stables, Inc.*, 2010 WL 97754, *2 (E.D. Ky. Jan. 7, 2010) ; *Zide Sports Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. App'x 433, 437 (6th Cir.2001)(unpublished); *see also Plating Resources, Inc. v. UTI Corp.*, 47 F.Supp.2d 899, 904 (N.D.Ohio 1999) *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D.Cal.1994)); *Time Warner Cable, Inc. v. USA Video Tech. Corp.*, 520 F. Supp. 2d 579, 585 n. 48 (D. Del. 2007).

Moreover, it would violate principles of judicial comity for this Court to tell the Washington court to treat the Washington action as a second filed suit. *See, e.g., United States v. 22.58 Acres of Land, More or Less, Situated in Montgomery County, Ala.*, No. 2:08-cv-180, 2010 WL 431254, *5 (M.D. Ala. Feb. 3, 2010) ("The so-called 'first-filed rule' is a well-established rule of federal comity" which serves the purpose of avoiding "rulings which may trench upon the authority other courts") (internal quotation omitted); *Safety Nat. Cas. Corp. v. U.S. Dept. of Homeland Sec.*, 2010 WL 5419043, *3 (S.D. Tex. 2010) ("The principle of comity requires federal district courts to exercise care to avoid interference with each other's affairs.").

Because Motorola's claims in this case are compulsory counterclaims in the Washington case, the proper remedy is to dismiss this case. Indeed, as explained in Microsoft's opening brief, Motorola and General Instrument "bear[] the burden of showing a compelling circumstance or imbalance of convenience to overcome the presumption that the second filed case should be dismissed in favor of the first-filed case." *Inforizons*, 204 F.R.D. at 120. Moreover, dismissal is favored "when it is absolutely clear that dismissal will not adversely affect a litigant's interests." *Wilde v. Beneficial Int'l., Inc.*, 2007 WL 2053458 (E.D. Wis. July 16, 2007) at *6, *citing Cent. States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co.,* 203 F.3d 442, 444 (7th Cir. 2000). Motorola has made no effort to overcome that presumption.[5]

## III.    Alternatively, the Court Should Transfer This Case To the W.D. Washington.

Absent dismissal or stay, this case should be transferred to the Western District of Washington. This lawsuit has no connection to this district. None of the parties or witnesses are located here. Instead, the vast majority of witnesses, evidence, and sources of proof for this case are located in Washington. Indeed, the interests of justice factors also favor transfer.

---

[5] Alternatively, as previously discussed, the Court may stay this case pending resolution of the Washington case, thereby allowing the rulings in the Washington action to be applied here and avoiding any inconsistency.

Washington state has a strong relationship to the controversy, while Wisconsin has none. *See* Mot. at 13-14.

Nonetheless, ignoring all this, Motorola urges the Court to focus on just one thing – selected statistics concerning the time to trial in this District. But, as explained in Microsoft's motion, the U.S. Federal Court Management Statistics show that the Western District of Washington and the Western District of Wisconsin have similar times to resolution. Mot. at 15 n.9. In any event, time to trial does not trump all the other factors that favor transfer.

### A. Motorola's Choice Of This Forum Is Entitled To Little Weight Because This District Has No Significant Connection To This Dispute.

Throughout its opposition, Motorola asks the Court to accept its choice of forum (Opp. at 1, 2, 4-5, 10), ignoring that the plaintiff's choice of forum receives little weight or deference where the chosen forum lacks any significant connection to the claims at issue. *Chicago Rock Island and Pacific R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955); *Encyclopaedia Britannica, Inc. v. Magellan Navigation, Inc.*, 512 F. Supp. 2d 1169, 1176 (W.D. Wis. 2007). Although Microsoft cited this law in its opening brief, Motorola just ignores it, making no attempt to show that Wisconsin has any connection to this dispute. Because Wisconsin has no significant connection to the instant claims, Motorola's choice of forum is entitled to little weight, and this case should be transferred.

### B. The Convenience Factors Favor Transfer

The Court must determine which venue—Wisconsin or Washington—is more convenient for the parties and witnesses. Contrary to Motorola's suggestion, this analysis does not disregard the convenience of litigating in Washington simply because Washington is Microsoft's home forum. *See* Opp. at 5-7. Indeed, courts frequently grant motions to transfer to a defendant's home forum after taking into account the convenience afforded by that forum. *See, e.g., In Re*

*Microsoft Corp.*,--- F.3d ----, 2011 WL 30771 (Fed. Cir. Jan. 5, 2011) (mandamus issued to transfer to Seattle where "[a]ll individuals identified by Microsoft as having material information relating to the patents reside within 100 miles of the Western District of Washington"); *D & G Inc. v. Supervalu, Inc.*, No. 08-cv-761, 2009 WL 1110412 (W.D. Wis. Apr. 24, 2009) (Crabb, J.) (granting motion to transfer to defendant's home forum of Minnesota); *Recht v. Metro Goldwyn Mayer Studio, Inc.*, No. 08-cv-250, 2008 WL 4460379 (W.D. Wis. Sept. 29, 2008) (Crocker, Magistrate Judge) (granting motion to transfer where "a transfer to the Central District of California [defendant's home forum] would greatly reduce defendant's inconvenience while not greatly increasing plaintiff's inconvenience").

And the convenience factors point to transferring this case to Washington.  "[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In Re Nintendo Co., LTD*, 589 F.3d 1194, 1198 (Fed. Cir. 2009)  Although a single factor like the location of evidence may not be determinative, "[t]he fact that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Id.* at 1199.  In fact, courts have recognized that "in patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *Id.*  As a result, "the place where the defendant's documents are kept weighs in favor of transfer to that location." *Id.*  In this case, the vast majority of Microsoft's evidence and documents are located in Washington, while no party has evidence in Wisconsin.

Furthermore, Motorola wrongly asks the Court to ignore the location of party witnesses. *See* Opp. at 5-6.  Indeed, in granting a recent mandamus petition to transfer, the Federal Circuit

noted that "[a] substantial number of party witnesses . . . reside in or close to the [transferee venue]" and therefore "the witness convenience factor clearly favors transfer." *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010). No Microsoft or Motorola witnesses are located in the Western District of Wisconsin. And Washington is clearly more convenient for Microsoft's witnesses. All Microsoft witnesses and corporate representatives are located within the proposed transferee district. And the Dane County Airport in Madison does not have direct flights to the west coast, making travel to this District considerably more inconvenient for Microsoft representatives and witnesses.

Although Motorola argues that litigating this case in Seattle simply shifts the inconvenience, its own cited facts do not support its argument. Opp. at 6. Motorola points to other witnesses, outside the district, who it claims would consider this district more convenient. But Motorola notes that General Instrument is located in San Diego, which is much closer to Seattle than this district. Opp. at 6. Motorola also lists witnesses in Pennsylvania, New Jersey, and Utah. But Utah is, of course, closer to the Western District of Washington than this district. And although New Jersey and Pennsylvania are physically closer to this district than Washington, both would require substantial travel time to this district that does not differ that much from the travel time to Seattle, Washington. No witnesses would be severely inconvenienced by transfer, and many witnesses, including some of Motorola's own, would find Seattle more convenient.

## C.   The Interests Of Justice Factors Support Transfer.

Motorola asks the Court to give inappropriate weight to the supposed "likely speed to trial" in Wisconsin and to ignore that all the other factors are either neutral or support transfer. While "likely speed to trial" is a factor to be considered, the Seventh Circuit has directed courts to consider other factors including "the relationship of each community to the controversy" and

"the respective desirability of resolving controversies in each locale." *Research Automation*, 626 F.3d at 978. Indeed, this Court has often recognized that "docket speed alone is not sufficient to defeat a motion to transfer when other factors establish that another forum is clearly more convenient." *Illumina, Inc. v. Affymetrix, Inc.*, No. 09-cv-277, 2009 WL 3062786, *4 (W.D. Wis. Sept. 21, 2009).[6] Motorola, nonetheless, argues just that— that speed alone compels denial of transfer even though other factors support transfer.

As a predicate matter, as explained in detail above, Microsoft's Washington action involves a threshold issue that must be resolved *before* this case can be decided. Specifically, the Washington case will resolve the limits on Motorola's potential relief should it prove that any accused Microsoft product infringes. As such, time to trial statistics in the abstract are meaningless. Here, transferring this case to Washington will result in judicial efficiency and will avoid duplicative litigation and the possibility of inconsistent rulings, making speed to trial in Wisconsin irrelevant.

Moreover, speed to trial is of little consequence to the infringement dispute. Motorola implies that speed is important because Motorola fears losing market share to the allegedly infringing products, Windows 7 and Internet Explorer 9. Opp. at 8 ("Speed is particularly of the essence here …"); Dkt. 29 (First Amended Complaint) at ¶¶ 16, 25, 36. Although speed may be more important "in a case between direct competitors in a dynamic market," Motorola does not

---

[6] *See also In re Affymetrix*, No. 913, 2010 WL 1525010, *3 (Fed. Cir. 2010) ("[T]he fact that the case could likely be resolved more quickly in the plaintiff's chosen venue cannot by itself justify maintaining the case in the chosen venue if all the other relevant factors clearly demonstrate the convenience and fairness of the transferee venue."); *E2Interactive, Inc. v. Blackhawk Network, Inc.*, No. 09-cv-629, 2010 WL 3937911, *5 (W.D. Wis. Oct. 6, 2010) ("[w]e all know that speed alone is insufficient to defeat a transfer motion when the other factors establish that another forum clearly is more convenient."); *D & G Inc. v. Supervalu, Inc.*, 2009 WL 1110412, *5 (W.D. Wis. Apr. 24, 2009) (granting motion to transfer to District of Minnesota despite the fact that "the median time from filing to trial in this district [W.D. Wisconsin] was 10.4 months and the median time from filing to trial in the District of Minnesota was 29 months"); *Wacoh Co. v. Chrysler LLC*, 2009 WL 36666 (W.D. Wis. Jan. 7, 2009) (granting motion to transfer despite finding that "it is safe to assume that plaintiff will face some delay upon transfer").

compete with Microsoft in the operating system or web browser markets, undercutting Motorola's near exclusive reliance on speed to trial.  *E2Interactive,* 2010 WL 3937911 at *4.[7]  In the end, any infringement that Motorola succeeds in proving can only be compensated by money damages, both because Motorola does not compete with Microsoft on these products and because Motorola has committed to licensing these patents on RAND terms to *all* parties who practice the related standards.  Indeed, at bottom, time to trial is *particularly _not_ of the essence* here.

In any event, as discussed in Microsoft's motion, the U.S. Federal Court Management Statistics, which compiles official and complete statistics about the U.S. Courts, rates the two districts as having comparable docket speeds.  The median time from filing to disposition in the Western District of Wisconsin is 5.3 months and in the Western District of Washington is 6.7 months.  Similarly, the median time from filing to trial is 15 months in the Western District of Wisconsin and 19 months in the Western District of Washington.  www.uscourts.gov/cgi-bin/cmsd2009.pl.  Motorola offers no information about how its "statistics" were compiled or whether they include all patent cases in each forum.  The only meaningful statistics for likely time to trial are the ones offered by the U.S. Federal Court Management Statistics – which show the districts are roughly equal.

Finally, the cases on which Motorola relies do not hold that speed to trial dictates whether to transfer.  In each those cases, circumstances in addition to docket speed weighed in favor of denying transfer.

---

[7] For similar reasons, docket speed is also not of particular importance because Motorola not likely to obtain an injunction.  Motorola will not be able to satisfy the equitable considerations required by the Supreme Court in *eBay* for an injunction.  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) ("A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.").

- In *Illumina, Inc. v. Affymetrix, Inc.*, No. 09-cv-277, 2009 WL 3062786 (W.D. Wis. Sept. 21, 2009), the Western District of Wisconsin had an interest in the litigation because defendant had "entered into a contract with the Biotechnology Center of the University of Wisconsin-Madison to use, promote and sell defendant's products, including the [accused product]" and because many third-party witnesses had already been identified and had volunteered to appear in the W.D. Wisconsin.  No similar relationship to Wisconsin exists in the instant case.

- In *Sunbeam* Prods*., Inc. v. Homedics, Inc.*, 587 F. Supp. 2d 1055 (W.D. Wis. 2008), plaintiff's patent was near expiration, causing the court to find that "[a] fifteen-to sixteen-month delay would eliminate its ability to enjoin defendant from any potential infringing activity."  In this case, the patents-in-suit do not expire for many years (having been filed in December 2004).  Moreover, as explained above, Motorola cannot get an injunction.  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  Indeed, little reason existed in *Sunbeam* to transfer, with the court noting that the "<u>sole</u> basis for transfer rests on the fact that some of defendant's corporate witnesses live in Commerce Township, Michigan."  Here, in contrast, numerous factors beyond the location of corporate representatives favor transfer in this case. *See* Mot. at 9-15.

- In *Adams v. Newell Rubbermaid Inc.*, No. 07-C-313-S, 2007 WL 5613420 (W.D. Wis. Aug. 21, 2007), the defendant sought transfer to a district where neither party had a strong presence and which was not the home forum of any party.  The court did not transfer because "when the inconvenience of the alternative forum venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff." *Id.* at *3.  In this case, Microsoft seeks transfer to its home venue.

- In *E2Interactive, Inc. v. Blackhawk Network, Inc.*, No. 09-cv-629, 2010 WL 3937911 (W.D. Wis. Oct. 6, 2010), the parties were direct competitors, making speed more important than it is in this case.  Motorola does not directly compete with Microsoft's Windows 7 or Internet Explorer 9 products.

The Western District of Washington is clearly more convenient than this district.  Here, as in *In Re Microsoft Corp.*, 2011 WL 30771 at *4, "the realities make clear that the Western District of Washington is comparatively the only convenient and fair venue in which to try this case."

## IV.    CONCLUSION

Plaintiffs' patent infringement claims are compulsory counterclaims to Microsoft's claims already pending in the Western District of Washington.  As a result, this Court should dismiss plaintiffs' claims or in the alternative, stay them.  Alternately, even if Motorola's claims were not

12

compulsory counterclaims to the claims in the Washington action, the case should still be

transferred to the Western District of Washington because the relevant factors under 28 U.S.C.

§ 1404 clearly weigh in favor of transfer.

      Dated this 21st day of January 2011.

                    **MICHAEL BEST & FRIEDRICH LLP**


              By: <u>/s/ J. Donald Best            </u>
                  J. Donald Best, SBN 1012450
                  John C. Scheller, SBN 1031247
                  Christopher C. Davis, SBN 1064764
                  P.O Box 1806
                  Madison, Wisconsin 53701-1806
                  Tel: (608) 257-3501
                  Fax: (608) 283-2275
                  Email:  *jdbest@michaelbest.com*
                           *jcscheller@michaelbest.com*
                           *ccdavis@michaelbest.com*

                  David T. Pritikin
                  *dpritikin@sidley.com*
                  Richard A. Cederoth
                  *rcederoth@sidley.com*
                  John W. McBride
                  *jwmcbride@sidley.com*
                  SIDLEY AUSTIN LLP
                  One South Dearborn
                  Chicago, Illinois  60603
                  Tel. (312) 853-7000

                  *Attorneys for Defendant*
                  *Microsoft Corporation*

*Of Counsel:*

Douglas I. Lewis *(pro hac vice to be filed)*
*dilewis@sidley.com*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois  60603
Tel. (312) 853-7000

T. Andrew Culbert
*andycu@microsoft.com*
David E. Killough
*davkill@microsoft.com*
**MICROSOFT CORPORATION**
1 Microsoft Way
Redmond, Washington 98052
Tel. (425) 703-8865

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 21st day of January, 2011, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

Respectfully submitted,

/s/ J. Donald Best
J. Donald Best